UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**05 CIV. 4545**

-----------------------------------------------x
STEPHEN DEVINE,

    Plaintiff,

vs.

AL-JON, INC.,

    Defendant.
-----------------------------------------------x

ECF CASE

**COMPLAINT**

JUDGE McMahon

STEPHEN DEVINE, by and through his counsel, Michael H. Sussman, hereby states as and for his Complaint against defendant:

I. **PARTIES**

1. Plaintiff is a resident of the County of Sullivan, State of New York, within this judicial district.

2. Plaintiff is married and has three children ages 9 to 17.

3. Defendant is a corporation with offices at 14599 2nd Avenue, Ottumwa, Iowa 52501-9281; it conducts business in the State of New York, within this judicial district.

II. **JURISDICTION**

4. Plaintiff timely filed a complaint of discrimination under the Americans with Disabilities Act and received a right to sue letter on February 24, 2005.

Plaintiff timely initiates this suit. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. secs. 1331 and 1343 (3) & (4) and over the state claim, which is supplementary and arises from the same set of facts, pursuant to 28 U.S.C. 1367.

### III. FACTUAL ALLEGATIONS

5. In August 2003, plaintiff accepted a job with defendant as an East Coast Service Representative with a territory from Maine to South Carolina.

6. Plaintiff's job was to trouble shoot heavy machinery defendant sold to waste management companies.

7. Just before plaintiff's training was to commence in the State of Iowa, he was diagnosed with colon cancer.

8. Plaintiff immediately reported this to his supervisor, Steve Campbell, who was headquartered in Ottumwa, Iowa.

9. Mr. Campbell advised plaintiff to commence his first week of training which plaintiff did.

10. Upon returning to New York after this week of training, plaintiff's wife advised him that his doctor had advised that his cancer had spread to his liver and that surgery plaintiff hoped and expected would cure his colon cancer was not then possible.

11. Instead, plaintiff required aggressive chemotherapy.

12. Plaintiff reported this to the company the next day.

13. The company advised plaintiff that it would re-consider whether he should continue his advanced training.

14. As plaintiff had not heard back from defendant, the day before the second week of training was to commence, he called Iowa and learned that he had been placed on "hold".

15. After learning of his condition, defendant company withheld plaintiff's salary.

16. Thereafter, the company directed plaintiff to complete the second week of training which he did.

17. After this training, plaintiff flew to Florida and picked up a company service vehicle and commenced performing his duties.

18. On November 13, 2003, defendant's director of human resources, Ellie Murphy Guest, advised plaintiff that he would be placed on indefinite medical leave.

19. This followed two incidents which were unrelated to plaintiff's illness, but which, as Ms. Guest explained it, defendant believed has been "caused by" his cancer.

20. On these two occasions, plaintiff had sustained relatively minor injuries while working on heavy equipment.

21. On November 26, 2003, plaintiff received a letter from Ms. Guess advising him that he had been placed on indefinite, unpaid medical leave of absence until he could demonstrate fitness to work.

22. Before sending this letter, plaintiff never requested or required medical leave.

23. Nor had plaintiff sought any accommodation after learning of his disease other than slight modification of hours which the company had granted and which plainly caused the defendant no hardship.

24. Without any source of income to support his family, in or about January 2004, plaintiff requested and received social security disability.

25. Plaintiff sought such disability status and payments because defendant putt him out of work without salary.

25. Had defendant allowed plaintiff to continue working, he would have been able to succeed at his job.

26. In or about March 18, 2004, plaintiff wrote defendant's President, Mr. Kendig K. Kneen, requesting resolution of his status with the company, including payment of back expenses, return of insurance premiums which had been deducted

from his paycheck without presentation to him of the insurance policy they were supposed to be paying for, restoration of his work schedule and related benefits.

27. Plaintiff did not receive a written response to this letter and, by the time he filed the EEOC complaint in this matter, defendant had failed and refused to allow him to resume his paid position.

28. Plaintiff has lost significant income and benefits as a consequence of defendant's wrongful conduct.

29. Defendant regarded plaintiff as having an impairment which prevented him from performing the essential functions of his job.

30. After plaintiff made clear his readiness to return to work on March 18, 2004, defendant failed and refused to thereafter re-employ me with.

31. By dint of defendant's conduct, plaintiff has been caused to suffer pecuniary and non-pecuniary economic loss.

32. Defendant's discriminatory conduct caused plaintiff to suffer severe emotional anguish, anger and embarrassment, for which he seeks make whole relief

33. Defendant's conduct was malicious, ill-spirited and motivated by discriminatory intention, as set forth above.

## IV. LEGAL CLAIMS

34. By engaging in the conduct set forth above, defendant violated the Americans with Disabilities Act, sec. 42 U.S.C. 12102(2), as well as section 296 of the New York State Executive [Human Rights] Law.

WHEREFORE, plaintiff respectfully requests that this Honorable Court:

a) accept jurisdiction in this matter;

b) empanel a jury to hear and decide the matter;

c) award to plaintiff compensatory and punitive damages, with pre and post-judgment interest;

d) award to plaintiff and against defendant punitive damages to the extent allowed by law;

e) reinstate plaintiff to his former position with full backpay and benefits;

e) award to plaintiffs the attorneys fees and costs of this matter as permitted by 42 U.S.C. sec. 1988 and

f) enter any other relief it deems warranted and in the interests of justice.

RESPECTFULLY SUBMITTED,

Michael H. Sussman (3497)

Sussman Law Offices
PO Box 1005
Goshen, NY 10924

(845-294-3991)

Dated: May 9, 2005
      Goshen, NY

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 160-2005-00089 |

**New York State Division of Human Rights** and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Stephen Devine | (845) 733-4447 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 196 Horton Road | Bloomingburg, NY 12721 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Al-Jon Inc. | | (800) 255-6620 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 14599 2nd Avenue | Ottumwa, IA 52501-9281 | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST: 03/18/04   LATEST: 03/18/04
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**See Attached**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

Date         Charging Party *(Signature)*

EEOC FORM 5 (REV. 3/01)

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
-------------------------------------------------------------------x
STEPHEN DEVINE,

    Complainant,

vs.                                    VERIFIED COMPLAINT

AL-JON, INC.,

    Respondent.
-------------------------------------------------------------------x

STATE OF NEW YORK  )
                             ) ss:s.
COUNTY OF ORANGE  )

    STEPHEN DEVINE, being duly sworn, hereby states and deposes under pains and penalties of perjury:

    1. I am a resident of the County of Sullivan and live at 196 Horton Road, Bloomingburg, NY 12721. My phone number is 845-733-4447. My date of birth is May 13, 1952 and my social security number is 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. I am married and have three children ages 9 to 17.

    2. Respondent is a national corporation with offices at 14599 2nd Avenue, Ottumwa, Iowa 52501-9281, phone number - 800-255-6620.

    2. In August 2003, I took a job with respondent as an East Coast Service Representative with a territory from Maine to South Carolina. My job was to

-1-

trouble shoot heavy machinery respondent sold to waste management companies.

3. Just before my training was to commence in the State of Iowa, I was diagnosed with colon cancer. I immediately reported this to my supervisor, Steve Campbell, who was headquartered in Ottumwa, Iowa. Mr. Campbell advised me to commence my first week of training which I did.

4. Upon returning to New York after this week of training, my wife advised me that my cancer had spread to my liver and that surgery I expected to cure my colon cancer was not then possible. Instead, I would need aggressive chemotherapy. I reported this to the company the next day. I was advised that the company would consider whether I should take the more advanced training. When I did not hear from the company, the day before the second week of training was to commence, I called the company and learned that I had been placed on "hold". My salary was withheld. I finally was directed to the second week of training which I successfully completed.

5. After this training, I flew to Florida and picked up a company service vehicle and commenced performing my duties.

6. On November 13, 2003, the company director of human resources, Ellie Murphy Guest, advised me by phone that I would be placed on indefinite medical leave. This followed two incidents which were unrelated to my disease, but

which, as she explained it, the company believed were "caused by" the cancer. On two occasions, I had sustained relatively minor injuries while working on the heavy equipment.

7. On November 26, 2003, I received a letter from Ms. Guess advising me that I had been placed on indefinite, unpaid medical leave of absence until I could demonstrate fitness to work. Please note that I never requested or required medical leave in the first instance. Nor had I sought any accommodation in light of my disease.

8. Without any source of income to support my family, in or about January 2004, I requested and received social security disability. I contend that this was made necessary by the company's putting me out of work. Had I been permitted to continue working, I would have been able to succeed, as I had shown, at my job.

9. In or about March 18, 2004, I wrote respondent's President, Mr. Kendig K. Kneen, requesting resolution of my situation with the company, including payment of back expenses, return of insurance premiums which had been deducted from my paycheck without presentation to me of the insurance policy they were supposed to be paying for, restoration of my work status and related benefits. I never received a written response to my letter and, to this date, the company has

failed and refused to allow me to resume my paid position.

10. I have lost significant income and benefits as a consequence of respondent's wrongful conduct. I was denied my paycheck because the company regarded me as having an impairment which prevented me from performing the essential functions of my job, despite my capacity to do so. I contend that such conduct violates the Americans with Disabilities Act, sec. 42 U.S.C. 12102(2(C), as well as section 296 of the New York State Executive [Human Rights] Law. I further contend that the company's violation of the statute is continuing; that I asserted my readiness to return to work on March 18, 2004 and that the company's failure to thereafter re-employ me with pay constitutes a violation of the statute.

11. By dint of the company's discrimination in violation of law, I have been deprived of salary and benefits, as well as caused to suffer severe emotional anguish, anger and embarrassment. I seek make whole relief for these consequences of respondent's unlawful conduct.

12. I hereby designate Michael H. Sussman, PO Box 1005, Goshen, New York 10924 (845)-294-3991 as my representative in these proceedings. Mr. Sussman is an attorney authorized to practice law in the United States District Court, Southern District of New York.

*[signature]*

-4-

*[stamp: RECEIVED OCT 0 8 2004 EEOC-NYDO-CRTIU]*

Stephen Devine

SIGNED AND SWORN TO BEFORE ME THIS 5 DAY OF OCTOBER 2004.

_____
NOTARY PUBLIC

DAWN L. HULSE
Notary Public, State of New York
No. 4983526
Qualified in Orange County
Commission Expires November 12, 19~~96~~ 07





**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New York District Office

33 Whitehall Street, 5th Floor
New York, New York 10004-2112
Telephone: (212) 336-3646
FAX: (212) 336-3633

# AGREEMENT TO MEDIATE

**CHARGE NUMBER:** 160 2005 00089

This is an agreement by the parties to participate in mediation concerning the charge of
_____ v. _____

We understand that mediation is a voluntary process, which we may terminate at any time.

The parties and, if they desire, their representatives are invited to attend the mediation sessions. No one else may attend without the permission of the parties and the consent of the mediator.

The mediator will not function as the representative of either party. However, the mediator may assist the parties in understanding their rights and the terms of any proposed settlement agreement. Each party acknowledges having been informed of the right to consult with an attorney of his or her choosing before signing any agreement.

We agree that the mediator has the discretion to terminate mediation at any time if he or she believes that the case is inappropriate for mediation or that an impasse has been reached.

We hereby affirm that we will come to the EEOC with the authority to enter into a binding agreement, and that we will enter the mediation process with a good faith intent to settle this dispute during the EEOC mediation session.

We recognize that the mediation process is a confidential proceeding and agree to abide by the Confidentiality Agreement which is attached.

The parties acknowledge that if a settlement is reached as a result of the mediation, the assigned mediator is required to report to EEOC any benefits received. This information is reported only for purposes of providing aggregate data to the EEOC for Mediation program evaluation purposes, and the individual terms of the agreement will not be disclosed to the public.

_____   _____
**Charging Party**          **Date**        **Respondent**          **Date**

_____   _____
**Charging Party's Representative  Date**    **Respondent's Representative    Date**

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Stephen Devine<br>196 Horton Road<br>Bloomingburg, NY 12721 | From: | Milwaukee District Office<br>310 West Wisconsin Ave<br>Suite 800<br>Milwaukee, WI 53203 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2005-00089 | Ruth A. Wagner,<br>Enforcement Supervisor | (414) 297-1290 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____  FEB 22 2005
John P. Rowe,                     (Date Mailed)
District Director

Enclosure(s)

cc: AL-JON INC.
    14599 2nd Avenue
    Ottumwa, IA 52501

    Michael H. Sussman
    Law Offices of Michael H. Sussman
    40 Park Place
    P.O. Box 1005
    Goshen, NY 10924

Enclosure with EEOC
Form 161-B (3/98)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit **before 7/1/02** -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA backpay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*